BERMAN O'CONNOR & MANN
Suite 502, Bank of Guam Building
111 Chalan Santo Papa
Agana, Guam 96910
Telephone: (671) 477-2778

Attorneys for Plaintiff:
SEIKO M. KIRACHKY

FILED
DISTRICT COURT OF GUAM
OCT 1 9 2006
MARY L.M. MORAN
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF GUAM

SEIKO M. KIRACHKY,

    Plaintiff,

vs.

MARIANAS HOSPITALITY CORPORATION
d/b/a HYATT REGENCY GUAM,

    Defendants.

CIVIL CASE NO. CV_____

**06-00032**

**COMPLAINT**

The Plaintiff Seiko M. Kirachky for his Complaint alleges as follows:

### JURISDICTION AND PARTIES

1. Jurisdiction over this action is conferred on this Court by Section 16(b) of the Fair Labor Standards Act, 29 U.S.C. §216(b), and by the provisions of 28 U.S.C. §1337, relating to any civil action or proceeding arising under any Act of Congress regulating commerce.

2. The Plaintiff is a resident of the Territory of Guam.

3. Defendant is an corporation organized and existing under the laws of the Territory of Guam, having its principal office and place of business located in Tumon, Guam.

4. The Defendant was and is engaged in the business of operating a resort hotel known as the Hyatt Regency Guam.

## GENERAL ALLEGATIONS

5. In a Complaint filed in this Court on September 24, 2004, eight individual plaintiff employees brought suit against the Defendant herein, then known as International Trading Network, Ltd. d/b/a Hyatt Regency Guam. The Complaint alleged that the Defendant had failed to pay said employees overtime wages as required by the Fair Labor Standards Act. See <u>Samuelson et al. v. International Trading Network, Ltd. d/b/a Hyatt Regency Guam</u>, Civil Case No. 04-00043.

6. Later in time additional employees of the Defendant joined in this civil action. The Plaintiff herein, Seiko M. Kirachky, joined into said action via a Second Amended Complaint, filed in this Court on November 9, 2004.

7. Eventually the overtime wage claims of all Plaintiffs against the Defendant settled, and the case was dismissed by Order of this Court dated November 15, 2005.

8. The Plaintiff Seiko M. Kirachky continued to work for the Defendant with a title of Team Leader in the Stewarding Department. On December 2, 2005, his employment with the Defendant was abruptly terminated.

9. Prior to his termination, the Plaintiff was working the night shift on November 30, 2005. His shift typically ended at 7:00 A.M. He made a request of his supervisor to leave work at 4:00 A.M. for the purpose of assisting his wife at the airport, who had an early morning flight and a large amount of baggage to be checked. His supervisor, however, refused to give the Plaintiff permission to leave work at 4:00 A.M.

10. The Plaintiff understood that although his shift ended at 7:00 A.M., he was allowed to leave before that if the work of his shift was completed. At 6:15 A.M., the work of the Plaintiff's shift was completed, at which time he left work.

11. When he returned to work for his next shift on December 2, 2005, he was

E:\Jean\Plds\BRM\S. KIRACHKY\Complaint.wpd

advised that he had been terminated for leaving work early, and was given his final paycheck.

12. The Plaintiff had been an employee of the Defendant from 1993 up to the date of his discharge. Prior to that, he had been an employee of the Hyatt organization on Saipan from 1982 until 1991. He had always received satisfactory employment ratings.

## CLAIM FOR RELIEF

13. The Plaintiff's previous complaint regarding the failure of the Defendant to pay him overtime wages was a substantial factor or but for cause of his termination, in violation of Section 15(a)(3) of the Fair Labor Standards Act, 29 U.S.C. §215(a)(3).

14. The Defendant's stated reason for discharging the Plaintiff was pretextual and in bad faith.

15. As a result of said illegal termination of his employment, the Plaintiff has sustained a loss of wages, and continues to do so.

16. The Plaintiff is entitled to recover his past lost wages and probable future loss of wages, which amount should be doubled as liquidated damages, plus his reasonable attorneys' fees and litigation costs in this action.

17. In addition, the Plaintiff has suffered and will continue to suffer great emotional and mental distress resulting from the illegal termination of his employment, for which he is entitled to be compensated.

WHEREFORE, the Plaintiff prays that this Court:

1. Enter judgment in his favor and against the Defendant for past lost wages and probable loss of future wages and compensation for emotional distress, all doubled, plus reasonable attorneys' fees and litigation costs, plus pre-judgment interest as

E:\Jean\Plds\BRM\S. KIRACHKY\Complaint.wpd

provided by law.

2. As an alternative to a judgment for the probable loss of future wages, order reinstatement of the Plaintiff to his previous position.

3. For such other and further relief in which the Court may deem proper.

Dated this 19th day of October, 2006.

**BERMAN O'CONNOR & MANN**
Attorneys for Plaintiff *SEIKO M. KIRACHKY*

BY: _____
BILL R. MANN

### JURY DEMAND

The Plaintiff demands trial to jury for all issues so triable.

E:\Jean\Plds\BRM\S. KIRACHKY\Complaint.wpd