MAIR, MAIR, SPADE & THOMPSON
A Professional Corporation
Attorneys At Law
238 A.F.C. Flores Street
Suite 801, Pacific News Buildings
Hagåtña, Guam 96910
Telephone: 472-2089/90
Facsimile: 477-5206

Attorneys for Marianas Hospitality Corporation
d/b/a Hyatt Regency Guam

FILED
DISTRICT COURT OF GUAM
NOV 13 2006
MARY L.M. MORAN
CLERK OF COURT

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| SEIKO M. KIRACHKY, ) | CIVIL CASE NO. 06-00032 |
| ) | |
| Plaintiff, ) | |
| ) | **ANSWER TO COMPLAINT** |
| vs. ) | |
| ) | |
| MARIANAS HOSPITALITY ) | |
| CORPORATION d/b/a HYATT ) | |
| REGENCY GUAM, ) | |
| ) | |
| Defendant. ) | |

COMES NOW Defendant Marianas Hospitality Corporation dba Hyatt Regency Guam ("Hyatt") and hereby answers the Complaint filed by Seiko M. Kirachky ("Plaintiff") as follows:

1. Hyatt admits the allegations of paragraph 1, 3, 4, 5 and 6 of the Complaint.

2. With respect to paragraph 2, Hyatt is without knowledge of the facts alleged and on that basis denies those allegations.

**ORIGINAL**

3. With respect to paragraph 7, Hyatt admits that the case was dismissed by Order of the District Court of Guam on November 15, 2005, but denies the remaining allegations of said paragraph.

4. With respect to paragraph 8, Hyatt admits that Plaintiff continued to work as Team Leader in the Stewarding Department until he was discharged from employment on December 2, 2005, but denies the remaining allegations of said paragraph.

5. With respect to paragraph 9, Hyatt admits that Plaintiff was scheduled to work the night shift on November 30, 2005; that his shift ended at 7:00 a.m.; that he asked to leave work early; and that his supervisor refused his request, but denies the remaining allegations of said paragraph based on lack of information or belief.

6. With respect to paragraph 10, Hyatt admits that Plaintiff left work at approximately 6:15 a.m. but denies the remaining allegations of said paragraph.

7. With respect to paragraph 11, Hyatt admits that Plaintiff was discharged on December 2, 2005, and given his final paycheck but denies the remaining allegations of said paragraph.

8. With respect to paragraph 12, Hyatt admits that Plaintiff worked at the Hyatt Regency Guam from 1993 to the date of his discharge but denies the remaining allegations of said paragraph based on lack of information or belief.

9. Hyatt denies any allegations not expressly admitted herein.

10. Hyatt further denies that Plaintiff is entitled to any of the relief prayed for by Plaintiff in the Complaint, or any relief whatsoever.

## AFFIRMATIVE DEFENSES

1. Plaintiff has failed to state a claim upon which relief may be granted.

2. Plaintiff's claims are barred, in whole or in part, based upon the doctrines of waiver and estoppel.

3. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations and by the doctrine of laches.

4. Plaintiff's claims are barred, in whole or in part, based upon the doctrine of unclean hands.

5. Plaintiff's claims are barred, in whole or in part, by a failure to mitigate.

6. Plaintiff's claims are barred, in whole or in part, by a lack of good faith and/or bad faith.

## PRAYER FOR RELIEF

**WHEREFORE**, Hyatt prays for the following relief:

1. That Plaintiff take nothing by this action;

2. For an Order and Judgment denying all relief requested in Plaintiff's Complaint; and

/ /

/ /

/ /

3. That Defendant be granted such other relief as is just and proper, including reasonable costs and attorneys' fees.

Dated this 13th day of November, 2006.

**MAIR, MAIR, SPADE & THOMPSON**
A Professional Corporation
Attorneys for Defendant Marianas Hospitality
Corporation d/b/a Hyatt Regency Guam

By _____
DANA GUTIERREZ-REYES

P063094.DGR