MAIR, MAIR, SPADE & THOMPSON
A Professional Corporation
Attorneys At Law
238 A.F.C. Flores Street
Suite 801, Pacific News Buildings
Hagåtña, Guam 96910
Telephone: 472-2089/90
Facsimile: 477-5206

Attorneys for Marianas Hospitality Corporation
d/b/a Hyatt Regency Guam

**FILED**
DISTRICT COURT OF GUAM
FEB - 6 2007
MARY L.M. MORAN
CLERK OF COURT

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| SEIKO M. KIRACHKY, ) | CIVIL CASE NO. 06-00032 |
| ) | |
| Plaintiff, ) | |
| ) | **STIPULATION FOR** |
| vs. ) | **PROTECTIVE ORDER** |
| ) | **REGARDING CONFIDENTIAL** |
| MARIANAS HOSPITALITY ) | **INFORMATION** |
| CORPORATION d/b/a HYATT ) | |
| REGENCY GUAM, ) | |
| ) | |
| Defendant. ) | |

**WHEREAS,** PLAINTIFF SEIKO M. KIRACHKY ("Plaintiff") and DEFENDANT MARIANAS HOSPITALITY CORPORATION d/b/a HYATT REGENCY GUAM ("Defendant") believe that discovery will involve the disclosure of confidential information and have determined that a stipulation for protective order is the best way for the parties to protect this confidential information; and:

**WHEREAS,** certain documents which would otherwise be subject to initial disclosure pursuant to Federal Rule of Civil Procedure Rule 26(a)(1) are confidential and do or might contain information of a proprietary nature and/or which reveal personal

**ORIGINAL**

information about certain former employees of Defendant who are not parties to Civil Case No. 06-00032 and who enjoy certain privacy rights under local and federal law; and

**WHEREAS,** certain discovery requests do or may involve information or documents that a party in good faith believe is confidential, proprietary or privileged information; and

**WHEREAS,** pursuant to Federal Rule of Civil Procedures Rule 26(c), the parties have agreed to keep these documents and information confidential in accordance with the terms of this Stipulation for Protective Order; and

**WHEREAS,** the parties may protect the confidentiality of such documents and information by producing them subject to the terms and conditions set forth below.

**IT IS HEREBY STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THROUGH THEIR RESPECTIVE ATTORNEYS, THAT:**

1. All Confidential Information produced or exchanged in the course of this litigation shall be used by the receiving party solely for the purpose of this litigation.

2. "Confidential Information" as used in this Stipulation means any type or classification of information that is designated pursuant to this Stipulation as confidential by the producing party, whether it be a document, part of a document, an object, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer or other form of evidence or discovery.

3. Information and documents produced shall be designated by a party (hereinafter the "Designating Party") as Confidential Information in the following manner:

    a. In the case of documents, the Designating Party must label or mark the document as "Confidential: Under Protective Order";

    b. In the case of initial disclosures, responses to interrogatories, requests for production of documents, requests for admissions or other discovery requests, affidavits, briefs or memoranda, the Designating Party must state that the information contained in such responses is Confidential Information and shall mark such response as "Confidential: Under Protective Order";

    c. In the case of deposition testimony, the Designating Party may state at the deposition and on the record that a particular questions calls for, or a particular answer reveals Confidential Information. The court reporter shall thereafter mark the relevant pages of the deposition as "Confidential: Under Protective Order." The Designating Party may within thirty (30) days of receiving the deposition transcript, serve upon the court reporter and the other party a letter specifying additional confidential deposition testimony or documents, and such designated portion shall be treated as Confidential Information in accordance with this Stipulation. The court reporter will indicate the portions designated as confidential and segregate them as appropriate. The court reporter shall clearly mark any transcript released prior to the expiration of he 30-day period as "Confidential – Subject to Further Confidentiality Review" and such transcripts shall be treated as Confidential Information until the expiration of the 30-day period.

4. Documents and things designated "Confidential: Under Protective Order" or the like, copies of such documents and things, the information contained in such documents and things, and any analysis or report pertaining to such documents and things, shall only be disclosed to, inspected by or made available to:

    a. Plaintiff and Defendant, their respective attorneys, and the clerical staff employed by such attorneys;

    b. Investigators, experts and advisors who are employed by Plaintiff or Defendant in connection with Civil Case No. 06-00032, and who agree, in writing, to be bound by the terms of this Stipulation and the Court's Protective Order and to protect the confidentiality of, and not disclose the documents and information produced by any party;

    c. The Court and its personnel provided such documents to be filed under seal;

    d. Persons present at depositions or who have access to the deposition transcript or documents produced at depositions, who shall have agreed, in writing, to be bound by the terms of this Stipulation and the Court's Protective Order and to protect the confidentiality of and not disclose information or documents produced at the deposition.

5. Nothing shall prevent disclosure beyond the terms of this Stipulation and the Court's Protective Order if the party designating the information as

4

Confidential Information consents in writing to such disclosure, or if the Court, after notice to all affected parties, orders such disclosure.

6. Nothing shall be regarded as Confidential Information if it is information that a party lawfully obtains from another source on a non-confidential basis even if such documents or information also were produced by a Designating Party under the terms of this Stipulation and the Court's Protective Order.

7. Nothing shall prohibit counsel for a party from disclosing a document designated according to this Stipulation and the Court's Protective Order to any person whom the document clearly identifies as an author, addressee or courtesy copy recipient of such document. If a document or testimony makes reference to the actual or alleged conduct or statement of a person who is a potential witness, counsel may discuss such conduct or statements with such witness without revealing any portion of the document or testimony other than that which specifically refers to such conduct or statement, and such discussion shall not constitute unauthorized disclosure.

8. A party shall not be obligated to challenge the propriety of a confidentiality designation at the time made, and a failure to do so shall not preclude a subsequent challenge made to such confidentiality designation. In the event that any party to this litigation disagrees at any stage of these proceedings with the designation by the Designating Party of any information as confidential, the parties shall first try to resolve such dispute in good faith on an information basis. If the dispute cannot be resolved, the objecting party may seek appropriate relief from this Court. The parties may by

5

stipulation provide for exceptions to this Stipulation and the Court's Protective Order, and any party may seek an order of this Court modifying the Protective Order.

9. The Clerk of this Court shall maintain under seal all documents, transcripts of deposition testimony, answers to interrogatories and other materials and papers filed in Court in this litigation that have been designated, in whole or in part, as Confidential Information by a party to this action. To assist the Clerk, any document that a party wishes to have placed under seal pursuant to this Stipulation and the Court's Protective Order shall be filed in the Clerk's Office in a sealed envelope on which shall be labeled with the case name, case number, the motion to which the documents relate and an identification of the contents of the sealed envelope, the words "Confidential: Under Protective Order," and a statement substantially in the following form: "This envelope containing documents that are filed in this case by *[name of party]* is not be opened nor the contents thereof to be displayed or revealed except by order or under direction of the Court."

10. In the event a party wishes to use any Confidential Information in any affidavits, briefs, memoranda of law, or other papers filed in Court in this litigation, such Confidential Information used in such documents or papers shall be maintained under seal by the Court.

11. Nothing in this Stipulation or the Court's Protective Order shall prevent any party from using any document or information that has been designated as "Confidential: Under Protective Order" at trial, during a hearing, or the like. The parties

6

have not agreed on the method for use of any documents or information at trial, during a hearing, or the like. The use of any documents or information that have been designated as "Confidential: Under Protective Order" at trial, during a hearing, or the like, shall be subject to supplemental agreement of the parties or further order of the Court.

12. Within thirty (30) days after the conclusion of this action, whether by settlement, dismissal with prejudice of all claims, entry of final judgment, or if appellate review is sought, the completion of appellate proceedings, the parties shall return to the Designating Party upon written request all documents and deposition transcripts and exhibits produced or provided under this Stipulation and the Court's Protective Order, including, but not limited to, any copies, summaries, notes or other records of the facts or information contained therein. For archival purposes, the attorneys in the law firm representing the parties may retain one copy of all pleadings, transcripts, exhibits, written discovery responses, documents attached as exhibits to pleadings or transcripts, including portions designated under this Stipulation and the Court's Protective Order and any written work product that deals with Confidential Information.

13. The provisions of this Stipulation and the Court's Protective Order shall survive Civil Case No. 00-00032. The termination of this action shall not relieve the parties or any person described in paragraph four (4) above, from maintaining the confidentiality of and not disclosing the documents and information produced hereunder.

/ /

/ /

7

**SO STIPULATED.**

| **MAIR, MAIR, SPADE & THOMPSON** | **BERMAN O'CONNOR & MANN** |
|---|---|
| Attorneys for Defendant | Attorneys for Plaintiff |

By _/s/ Dana A. Gutierrez-Reyes_　　　By _/s/ Wilfred R. Mann_
　**DANA A. GUTIERREZ-REYES**　　　　**WILFRED R. MANN**

DATED: February 6, 2007.　　　　DATED: Feb. 6, 2007.

P078002.DGR